IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr319

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| JERMAINE MONTAE ROBBINS | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of
sentence based on retroactive amendments to the United States Sentencing Guidelines relating to
crack cocaine offenses (Doc. No. 34), and the government's response (Doc. No. 40).

The defendant pled guilty to possessing cocaine base with intent to distribute while
carrying a firearm (Counts Two and Three). (Doc. No. 28: Judgment at 1). At sentencing, the
Court determined that the amount of crack cocaine reasonably foreseeable to the defendant was at
least 20 but fewer than 30 grams. (Doc. No. 29: Statement of Reasons (SOR) at 1; Presentence
Report (PSR) at ¶ 15). The resulting offense level of 28 was reduced by 3 for acceptance of
responsibility (PSR at ¶ 22). Combined with a criminal history category of IV, the resulting
advisory guideline range was 144-165 months. (Doc. No. 29: SOR at 1). The government moved
for a downward departure pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e) as to the crack
cocaine offense only. (Doc. No. 22: Motion). After granting the motion, the Court sentenced the
defendant on the crack cocaine offense in Count Two to 46 months' imprisonment, which was
55% of the low end of the range. The Court imposed a consecutive 60-month sentence in Count
Three for the 18 U.S.C. § 924(c) offense. (Doc. No. 28: Judgment at 2).

The defendant moves to reduce his sentence on Count Two based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 34). However, he incorrectly argues that the amended guideline range is determined by subtracting two offense levels from the effective range of the original sentence.[1] As amended, USSG §1B1.10(b)(1) directs courts to determine the guideline range as if the amendments had been in place at the time of sentencing. If the defendant originally received a sentence less than the guideline range in effect at that time, a comparably lesser sentence may be imposed upon resentencing. USSG §1B1.10(b)(2)(B) and cmt. n.3.

The amended offense level for possessing at least 20 but fewer than 30 grams of cocaine base is 26. USSG Supp. to Appx. C., Amend. 706 (2007). The subtraction of 3 levels for acceptance of responsibility, results in a total offense level of 23. The amended guideline range, given a criminal history category of IV, is 70-87 months. Applying the comparable reduction for substantial assistance to the low end of that range yields a 39-month sentence for Count Two, which the government recommends imposing (Doc. No. 40: Response at ¶ 9). The Bureau of Prisons has credited the defendant with serving approximately 46 months' incarceration. (Doc. No. 37: PSR Supplement at 1).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

---

[1] The defendant's 46-month sentence falls within the guideline range for an offense level 19 and criminal history category IV. USSG §5A (Sentencing Table). Without explanation, the defendant argues that his amended offense level is 17, with a resulting range of 37-46 months. (Doc. No. 34: Motion at 5).

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** and the defendant's sentence for Count Two is reduced to 39 months' imprisonment.

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office, the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Office, as a condition of supervised release. All other terms and conditions previously imposed, including the sentence for Count Three, remain unchanged.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: August 20, 2008

Robert J. Conrad, Jr.
Chief United States District Judge