IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr319

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| JERMAINE MONTAE ROBBINS ) | |
| ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on the retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine triggered by the Fair Sentencing Act of 2010 (Doc. No. 43), and the government's response (Doc. No. 45).

The defendant pled guilty to possessing cocaine base with intent to distribute while carrying a firearm (Counts Two and Three). (Doc. No. 28: Judgment at 1). At sentencing, the Court determined that the amount of crack cocaine reasonably foreseeable to the defendant was at least 20 but fewer than 30 grams.[1] (Doc. No. 29: Statement of Reasons (SOR) at 1; Presentence Report (PSR) at ¶ 15). The resulting offense level of 28 was reduced by 3 for acceptance of responsibility (PSR at ¶ 22). Combined with a criminal history category of IV, the resulting advisory guideline range was 144-165 months. (Doc. No. 29: SOR at 1). The government moved for a downward departure pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e) as to the crack cocaine offense only. (Doc. No. 22: Motion). After granting the motion, the Court sentenced the defendant on the crack cocaine offense in Count Two to 46 months' imprisonment, which was

---

[1] The PSR notes that 27.4 grams of crack cocaine were found in a vehicle at the defendant's residence. (PSR at ¶ 6)

55% of the low end of the range. The Court imposed a consecutive 60-month sentence in Count Three for the 18 U.S.C. § 924(c) offense. (Doc. No. 28: Judgment at 2). The Court later reduced the defendant's sentence on Count Two to 39 months' imprisonment based on amendments to the guidelines. (Doc. No. 41: Order).

Under the most recent amendments to the guidelines, the offense level for possessing at 22.4 but fewer than 28 grams of cocaine base is 24. USSG Supp. to Appx. C., Amend. 750 (2011). The subtraction of 3 levels for acceptance of responsibility, results in a total offense level of 21. The amended guideline range, given a criminal history category of IV, is 57-71 months. Applying the comparable reduction for substantial assistance to the low end of that range yields a 31-month sentence for Count Two, which the government recommends imposing (Doc. No. 45: Response at ¶ 1). The Bureau of Prisons has credited the defendant with serving approximately 95 months' incarceration. (Doc. No. 44: PSR Supplement at 1). However, under the amended guidelines a sentence may not be reduced to a term less than the defendant has already served. USSG §1B1.10(b)(2)(C).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** and the defendant's sentence for Count Two is reduced to the 34 months and 10 days.

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office, the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work

release, at the direction of the U.S. Probation Office, as a condition of supervised release. All other terms and conditions previously imposed, including the sentence for Count Three, remain unchanged.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: January 30, 2012

Robert J. Conrad, Jr.
Chief United States District Judge